IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tammy H. B., | ) | Case No.: 1:22-cv-02812-JD-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Shiva V. Hodges ("Report and Recommendation" or "Report" or "R&R") pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff Tammy H. B.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g), as amended, seeking judicial review of a final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security Administration ("Defendant" or "Commissioner"), denying her Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Magistrate Judge issued a Report and Recommendation on May 5, 2023, recommending the Commissioner's decision be reversed and remanded to the agency to calculate benefits. (DE 25.) On May 19, 2023, the Commissioner filed Objections to the Report and Recommendation, contending the Report contains "four critical errors" as provided below. (DE 26.) Plaintiff did not file a response to the Commissioner's objections despite having requested and being granted an extension of time to file the same.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

1

(DE 26.) Having carefully considered Defendant's objections and the applicable law, the Court overrules the Report and Recommendation as provided and affirms the decision of the Commissioner.

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. (DE 25.) However, as a brief background relating to the objections raised by the Commissioner, the Court provides this summary. Plaintiff, who was 44 years old on the date of disability onset, seeks DIB and SSI based upon complaints, among others, of "arm pain on exertion, muscle weakness, arthralgia/joint pain, back pain, swelling in the extremities, numbness, frequent or severe headaches and migraines, and hair loss." (DE 14-1, p. 172.) Plaintiff had surgery for anterior cervical discectomy and fusion ("ACDF") at the C6–7 level, a second anterior cervical discectomy and fusion at C4 through C6 and removal of hardware from the prior surgery, and a third neck surgery to remove C4-anterior cervical instrumentation with C3-4 and C5-6. (Id. at 173; DE 11-2, p. 11.) She has past relevant work experience as a waitress and dining room manager. (DE 9-2, p. 48.)

On October 19, 2016, Plaintiff filed applications for DIB and SSI in which she alleged her disability began on June 6, 2014. (DE 10-3, pp. 2-5, 11-18; 11-2, p. 7.) Plaintiff's applications were denied initially and upon reconsideration. (DE 10-2, pp. 4-8, 11-16.) On July 18, 2019, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"). (DE 9-2, pp. 43-67.) The ALJ issued an unfavorable decision on October 9, 2019, finding that Plaintiff was not disabled within the meaning of the Act. (Id. at 25-42.) Subsequently, the Appeals Council denied Plaintiff's request for review. (Id. at 2-8.) Plaintiff brought an action seeking judicial review in this court on March 22, 2021. (DE 11-3, p. 4.)

On October 26, 2021, the court issued an order granting the Commissioner's motion to remand, reversing the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanding the action for further administrative proceedings. (Id. at pp. 2-24.) The ALJ held a second hearing by telephone on April 15, 2022. (DE 11-2, pp. 26-63.) On April 27, 2022, the ALJ issued a partially favorable decision, finding Plaintiff was not disabled prior to April 1, 2020, but became disabled on that date and continued to be disabled. (Id. at 2-25.) Thereafter, Plaintiff brought this action seeking judicial review of the Commissioner's decision in a complaint filed on August 22, 2022. (DE 1.)

## **LEGAL STANDARD**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. See 28 U.S.C. § 636(b)(l). However, *de novo* review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the report and recommendation only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.")

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary

3

as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[2] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence and reached through the application of the correct legal standard. See Johnson v. Barnhart, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitute the court's findings for those of the Commissioner. See Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id.

## DISCUSSION

Plaintiff objects to the Report and Recommendation for the following reasons:

> *First*, the R&R demands that the ALJ provide a far greater explanation to support his decision than the law requires. An agency's supporting explanation need only be clear enough to enable judicial review, and is deficient only when the court is "left to guess" about how the ALJ arrived at his conclusions. Measured under this standard, the ALJ's extensive multi-page written decision is more than sufficient. The R&R further compounds this error by recommending remand because the ALJ did not assess Plaintiff's ability to sit for extended periods. Even

---

[2] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). "It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

4

if this were a proper basis to remand—and here it is not—the ALJ's decision sufficiently addresses this issue.

*Second*, the R&R incorrectly concludes that the ALJ erred in evaluating the medical opinion evidence. Contrary to the R&R's findings, the ALJ applied the proper regulations and adequately explained the basis for his assessment. No more was required.

*Third*, inconsistent with the substantial evidence standard of review, the R&R independently reviews the evidence and makes *de novo* findings of fact, discounting evidence the ALJ cited and relying instead on other parts of the record to undermine the ALJ's fact-finding. The R&R's *de novo* review of the facts exceeds the bounds of judicial review.

*Fourth*, the R&R errs by recommending the rare remedy of reversal with an award of benefits, rather than remand for further proceedings. The circumstances for reversal for an award of benefits are not met here. Under the R&R's reasoning, the ALJ's primary error is one of articulation. Even if this Court agrees (and it should not), the proper remedy to fix this purported defect is remand, not reversal. While the R&R also finds that the ALJ's decision is unsupported by substantial evidence, that alone is not a proper reason to reverse for an award of benefits. Instead, reversal for an award of benefits is warranted only where *uncontroverted* evidence favors a finding of disability, a standard that is not satisfied here.

(DE 26.)

As to Commissioner's first objection, the Commissioner states, "the R&R errs by finding that the ALJ did not adequately explain his decision and, further, by concluding that the ALJ did not sufficiently assess Plaintiff's ability to sit for prolonged periods." (DE 26, p. 3.) The Court agrees. While the Report states, "[t]he ALJ found that Plaintiff could perform sedentary work, but did not specifically and individually address her abilities to sit, stand, and walk" (DE 25, p. 58), the ALJ found the following:

> In spite of multiple surgeries, she continued to have radicular symptoms and pain and was diagnosed with failed back syndrome, cervical (Ex. 16F/4). She was prescribed opiates (Ex. 16F/4-15). According to treatment records, the claimant's medications provide reasonable pain control, increased mobility, and improved quality of life (Ex. 23F/5, 10; 24F/1). Furthermore, according to physical therapy records, her mobility and ability to perform activities of daily living improved with physical therapy (Ex. 19F). This evidence supports a finding that the claimant's symptoms can be controlled with treatment and allow for the performance of sedentary work.

> Furthermore, since her last surgery, the objective medical evidence does not suggest that her symptoms are as severe as alleged. Electrodiagnostic testing performed on December 4, 2018[,] revealed no carpal tunnel syndrome or neuropathy in the upper extremities (Ex. 15F). On June 27, 2019, x-rays of the cervical spine revealed postsurgical changes and only mild disc space height loss at C7-T1 (Ex. 18F/3-4).
>
> The claimant presented for a consultative physical examination on August 17, 2019 (Ex. 10F). On examination, there was reduced range of motion in the neck and shoulders, reduced lumbar flexion, 4/5 strength in the proximal upper extremities, and squat was limited to 30% (Ex. 10F/2-3). Otherwise, the results were generally unremarkable - she ambulated without difficulty; she got on and off the exam table without difficulty; she had 5/5 grip strength with good gross and fine manipulative skills bilaterally; she could perform tandem, heel, and toe walk without much difficulty; muscle strength was 5/5 in the lower extremities; there was no atrophy; reflexes and sensation were intact (Id.). This objective medical evidence supports a finding that the claimant could sustain a reduced range of sedentary work, albeit with no overhead reaching. As for her manipulative limitations, she can tolerate frequent handling, fingering, and feeling in spite of her subjective experience of pain and numbness in the upper extremities. This is consistent with the negative electrodiagnostic findings and [she] demonstrated gross and fine manipulative skills.

(DE 11-2, pp. 11-14.) In light of the narrative demonstrating substantial evidence in the record, the Court sustains the Commissioner's objection because the ALJ's explanation supporting the RFC assessment provides a sufficient basis to permit meaningful judicial review.

As to the Commissioner's second objection[3] regarding the ALJ's explanation as to why he gave Plaintiff's treating physician, Joseph Papotto, D.O.'s ("Dr. Papotto") medical opinion less than controlling weight, the applicable regulations provide that a treating source's opinion may be given "controlling weight," only if found "well-supported by medically acceptable clinical and laboratory diagnostic techniques *and* . . . not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2) (emphasis added). Otherwise, medical opinions are

---

[3]   As an initial matter and upon review, the Court finds that the ALJ did not apply the new medical opinion evidence standards set forth at 20 C.F.R. § 404.1520c (DE 25 at 64-65), and instead, the ALJ expressly stated that he "considered opinion evidence in accordance with the requirements of *20 CFR 404.1527 and 416.927*," which are the now-superseded regulations that apply in this case (DE 11-2, p. 12)(emphasis added)).

6

weighed by considering relevant factors, including the relationship with the claimant, the support provided by the source (supportability), the consistency of the opinion with other evidence (consistency), the medical source's specialization, and other factors. 20 C.F.R. § 404.1527(c). Here, the ALJ specifically evaluated whether Dr. Papotto's opinion was contradicted by other evidence and explained that Dr. Papotto's opinion was inconsistent not only with Dr. Smith's "consultative examination findings, which do not suggest that such extreme limitations are warranted," but also with the repeatedly normal findings reflected in "Dr. Papottos' own treatment records, which document that the claimant appeared healthy, ambulated normally, and had normal muscle strength" (DE 11-2, p. 14.)  The ALJ also identified inconsistencies between the doctors' opinions, including differences in how much Plaintiff could lift (Dr. Smith said 20 pounds occasionally, Dr. Papotto said 10 pounds occasionally (*compare* DE 11-1, p. 366, *with* DE 13-2, p. 239)), how long Plaintiff could sit (Dr. Smith said four hours, Dr. Papotto said one hour (*compare* DE 11-1, p. 367, *with* DE 13-2, p. 239)), and other limitations (i.e., that Plaintiff needs to shift positions every twenty minutes, could not perform repetitive activities with the extremities, and needed to elevate her legs when sitting (*compare* DE 11-2, pp,. 366-71 *with* DE 13-2, pp. 239-40.)  Further, the ALJ explained that Dr. Papotto's opinion was not supported by his "own treatment records, which document that [Plaintiff] appeared healthy, ambulated normally, and had normal muscle strength." (DE 11-2, p. 14.)  Therefore, the Court sustains the Commissioner's second objection.[4]

---

[4] To the extent the R&R recommends reversal on the basis that the ALJ erred by not discussing "the other relevant factors" in Section 404.1527(c), namely, treatment relationship and specialization, the applicable regulations require the ALJ to provide "good reasons" for the weight given to a treating source's medical opinion (20 C.F.R. § 404.1527(c)(2)), the Court sustains the Commissioner's objection because the regulations do not require the ALJ to specifically articulate the consideration of each Section 404.1527 factor in the written decision.

Given the record, the Commissioner's objections are sustained as provided herein.[5]

## CONCLUSION

For the foregoing reasons, the Court modifies the Report and Recommendation as provided and affirms the Commissioner's decision.

**AND IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

December 8, 2023
Florence, South Carolina

---

[5] As to the Commissioner's third objection regarding the Report's purported de novo review of the Plaintiff's subjective complaints, the Court overrules this objection without further discussion herein because the evidence the R&R identifies nevertheless demonstrates that the ALJ's decision is supported by substantial evidence.

Furthermore, in light of the Court's rulings herein, the Commissioner's fourth objection regarding the Report's rare remedy of reversal with an award of benefits is moot.